Hubert Park **BECK**, Dorothy Fahs Beck, Robert J. Beck and Otto Weinmann, Plaintiffs,

v.

**MANUFACTURERS HANOVER TRUST COMPANY**; Milbank, Tweed, Hadley & McCloy; Kelley Drye & Warren; Donald B. Herterich; Isaac Shapiro and Edward Roberts, III, Defendants.

No. 85 Civ. 9361 (RWS).

United States District Court, S.D. New York.

Dec. 5, 1986.

Stuart Hecker, New York City, for plaintiffs.

Milbank, Tweed, Hadley & McCloy, and Kelley Drye & Warren, New York City, for defendants; Kelley A. Cornish, Adlai S. Hardin, Jr., of counsel.

## OPINION

SWEET, District Judge.

Plaintiffs have moved for reargument of defendants' motion to dismiss the Amended Complaint, which was granted by this court's opinion of September 30, 1986, 645 F.Supp. 675. For the reasons stated below, the motion for reargument is granted, and the opinion of September 30, 1986 is affirmed.

In the September 30 opinion, this court dismissed plaintiffs' allegations under the Racketeer Influenced and Corrupt Organizations Act ("RICO") for failure to adequately plead scienter. Plaintiffs now argue that scienter is irrelevant to the predicate acts of mail and wire fraud where the defendant is a fiduciary.

Plaintiffs assert that this court in its September 30 opinion, "recognized that the requirement of a specific intent to defraud is abrogated where the defendant is a fiduciary (*Id.* at 9)." Plaintiffs then cite *United States v. Siegel,* 717 F.2d 9 (2d Cir.1983), *United States v. Weiss,* 752 F.2d 777 (2d Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 308, 88 L.Ed.2d 285 (1985) and *United States v. Newman,* 664 F.2d 12 (2d Cir. 1981) for the proposition that "the only condition of mind required for the conviction of a fiduciary who has breached his duty is his knowing use of the mails to further the fraudulent scheme."

This court did not make the statement attributed to it by plaintiffs, and none of the cases support plaintiffs' contention that there is no scienter requirement when a fiduciary is accused of fraud. The presence of scienter was not at issue in those cases, because the defendants' alleged intent to defraud was clear. In *United States v. Siegel, supra,* 717 F.2d at 15, the court held that the defendants took proceeds from unrecorded cash sales and intentionally used the money for their own enrichment. The defendants in *United States v. Newman, supra,* 664 F.2d at 19,

were charged with falsely and fraudulently asserting that they maintained interests in securities trading accounts. The court stated that the fraudulent scheme's "object was to filch from the employer its valuable property by dishonest, devious, reprehensible means." *Id.* (quoting *Abbott v. United States,* 239 F.2d 310, 324 (5th Cir.1956).

In *United States v. Weiss,* supra, 752 F.2d at 785, the court found that the defendant, among other things, "formulated an elaborate plan, involving phony cash-generating transactions," "created fake feasibility studies and bogus tasks for real estate 'consultants'" and "issued checks for nonperformed legal services." Clearly, the fiduciary defendants in each of the cases cited by plaintiffs acted with scienter.

All three cases cited by plaintiffs to support the proposition that "specific intent to defraud is abrogated where the defendant is a fiduciary" rely on one Second Circuit case, *United States v. Von Barta,* 635 F.2d 999 (2d Cir.1980), *cert. denied,* 450 U.S. 998, 101 S.Ct. 1703, 68 L.Ed.2d 199 (1981). *Von Barta* clearly states that:

> to make out a mail fraud violation, the Government must show specific intent to defraud. This specific intent requirement is sometimes used to distinguish actual and constructive fraud. Actual frauds are intentional frauds. Constructive frauds involve breaches of fiduciary or equitable duties where an intent to deceive is lacking. Only actual frauds are in the purview of the mail fraud statute.

635 F.2d at 1005 n. 14. Plainly, a fiduciary's specific intent to commit fraud is an element of violations under the mail fraud statute; the term "scheme to defraud" under the mail and wire fraud statutes "connotes some degree of planning by the perpetrators making it essential that the evidence show the defendants entertained an intent to defraud." *Soper v. Simmons Int'l, Ltd.,* 632 F.Supp. 244, 250 (S.D.N.Y. 1986).

Plaintiffs next argue that this court's decision on the "pattern" issue has been implicitly overruled by the Second Circuit's opinion in *United States v. Teitler,* 802 F.2d 606 (2d Cir.1986) and expressly rejected by the Seventh Circuit's decision in *Morgan v. Bank of Waukegan,* 804 F.2d 970 (7th Cir.1986).[1]

The plaintiffs do not explain the grounds on which *Teitler* overrules this court's decision, and nothing in the *Teitler* decision appears to provide any support for plaintiffs' motion. That opinion does not address the conclusion arrived at in this case, that criminal acts in the course of one fraudulent scheme or single transaction do not constitute a "pattern of racketeering." The charge given in the lower court and approved in *Teitler* by the Second Circuit merely required the government to prove that the predicate acts "constitute part of a larger pattern of activity," *Teitler, supra,* 802 F.2d 612, a conclusion not inconsistent with this court's opinion.

While the Seventh Circuit expressly addresses the proposition that predicate acts under RICO must occur as part of separate schemes in order to constitute a pattern of racketeering activity, *see Morgan v. Bank of Waukegan,* 804 F.2d 970 (7th Cir.1986), and rejects this court's view, that decision is not controlling here. Although this court cited *Northern Trust Bank/O'Hare v. Inryco, Inc.,* 615 F.Supp. 828 (N.D.Ill.1985), a decision presumably overruled by *Morgan,* it relied as well on precedent in this Circuit for the proposition that more than a single fraudulent scheme must be alleged. *See, e.g., Soper v. Simmons Int'l, Ltd.,* No. 84 Civ. 0070, slip op. at 15–16 (S.D.N.Y. Jan. 8, 1986). This court declines to follow the Seventh Circuit's opinion in *Morgan.*

Therefore, the dismissal of the complaint is affirmed.

IT IS SO ORDERED.

November 21, 1986.

---

1. The Seventh Circuit's decision in *Morgan* was brought to this court's attention by letter dated